UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEAN JOHNSTON,

                Petitioner,

v.

ISRAEL JACQUEZ, Warden SeaTac Federal Detention Center, et al.,

                Respondents.

CASE NO. C19-550-JLR-BAT

**ORDER FOR RETURN, BRIEFING AND ORAL ARGUMENT**

Petitioner has filed a habeas corpus petition under 28 U.S.C. § 2241 and seeks expedited consideration of his petition on the grounds that if the Court grants the requested relief, he will be released from custody on April 29, 2019, rather than sometime after July 19, 2019. Dkt. 4. The Court has reviewed the petition and **ORDERS**:

**A.**    **SERVICE**

If not previously accomplished, electronic posting of this Order and petitioner's § 2241 habeas petition shall effect service upon the United States Attorney for the Western District of Washington of the petition and all supporting documents. Service upon the United States Attorney for the Western District of Washington is deemed to be service upon the named respondents.

ORDER FOR RETURN, BRIEFING AND
ORAL ARGUMENT - 1

**B.     RESPONDENTS' RETURN AND BRIEFING**

No later than **May 1, 2019**, respondents shall file a return as provided in 28 U.S.C. § 2243, explaining why the Court should not grant petitioner's § 2241 petition. As a part of the return, respondents shall submit a brief in support of their position.

Additionally, because petitioner's habeas petition was prompted by the "First Step Act," of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and issues related to its implementation date of July 19, 2019, the Court directs the parties to address the following:

(a)     Petitioner claims the First Step Act clarifies the original congressional intent of 18 U.S.C. § 3624(b) to grant a prisoner serving a sentence of more than one year good time credits of 54 days per year. If Congress had always intended to grant prisoners 54 days of good time per year, why is it that the Court cannot grant petitioner the relief he requests?

(b)     Petitioner claims the Bureau of Prisons (BOP) will not calculate his good time credits until July 19, 2019, the date by which the BOP must complete a risk and needs assessment. Because this is after petitioner's release date, is petitioner excused from exhausting his remedies within the BOP?

(c)     Is the "risk and needs assessment" set forth in Section 101(a) of the First Step Act relevant to the BOP's calculation of good time release? Or are good time credits awarded to all prisoners with a release date regardless of the prisoner's risk assessment?

(d)     If there is a legal basis upon which the Court may grant petitioner the relief he requests, may the Court make factual findings to determine whether petitioner "has displayed exemplary compliance with institutional disciplinary regulations" under 18 U.S.C. § 3624(b)(1), or are such findings solely within the discretion of the BOP?

## C. PETITIONER'S RESPONSE

Petitioner may file a response brief no later than **May 15, 2019.** The response shall, at a minimum, address the issues noted above.

## D. ORAL ARGUMENT

The petition herein is one of a growing number of § 2241 habeas petitions recently filed by federal prisoners seeking release prior to July 19, 2019. *See e.g., Turner v. Jacquez*, C19-545 JCC-BAT (alleging a release date of May 19, 2019); *Corbett v.* Jacquez, C19-531 MJP-BAT (alleging a release date of July 7, 2019); *Acedo v. Jacquez*, C19-529 RSM-MLP (alleging a release date of July 7, 2019); *Garcia-Orante v. Jacquez*, C19-536 RAJ-MLP (alleging a release date of June 2, 2019); *Rigney v. Jacquez*, C19-548 RSL-MLP (alleging a release date of May 30 2019); and *Soundingsides v. Jacquez,* C19-544 JCC-MLP (alleging a release date of June 20, 2019).

Given the number of other pending cases that raise similar claims, and because the case raises issues of first impression, the Court sets oral argument for **May 20, 2019 at 10:30 am, Courtroom 12A.** Oral argument will proceed as follows: counsel for petitioner will make the opening argument; counsel for respondents will make argument in response, and petitioner's counsel may make a rebuttal argument.

DATED this 17th day of April, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge